## LAFAYETTE BRIDGE CO. v. CITY OF STREATOR.

### (Circuit Court, N. D. Illinois, N. D. April 7, 1900.)

### No. 25,096.

**1. TRUST COMBINATIONS—HOW DETERMINED.**

Whether plaintiff is a trust or combination, within the Illinois anti-trust act of 1891, so that under its provisions one buying from it is not liable for the price, must be determined in a direct proceeding, and not collaterally in an action by it for the price; the statute being silent as to the method to be pursued.

**2. FEDERAL COURTS—PRACTICE.**

Rev. St. § 914, providing that the practice and mode of proceeding in federal courts shall conform to that in like causes in the courts of the state in which such federal courts are held, does not require a federal court to allow the defense that plaintiff is a trust or combination, within the Illinois anti-trust act of 1891, so that defendant, buying from it, is not liable for the price, to be set up in an action for the price, without a prior determination in a direct proceeding of plaintiff's status, though such a defense was set up in an action in the state court, without the right to do so being questioned or considered.[1]

**3. PLEADING—DEMURRER.**

Demurrer to replication will be carried back to the plea, though a demurrer to the plea has already been overruled by another judge of co-ordinate jurisdiction, where practically the decision of each subsequent step in the litigation depends on a fundamental proposition, in regard to which the court is convinced that the prior ruling was erroneous.

**4. ESTOPPEL.**

A city sued on a contract under which plaintiff built for it a bridge is estopped to set up that plaintiff and certain aldermen of defendant formed a conspiracy to prevent competitive bidding when the contract was secured, or that the bidding was on different plans, or that plaintiff committed bribery in securing the contract, where, after appropriation by ordinance for erection of the bridge, there was a suit by taxpayers to enjoin defendant from constructing it, which, after full hearing on the merits, was dismissed for want of equity, and pending the suit the contract was made, at which time defendant made a request, with which plaintiff complied, that it appear and assist defendant in the defense; and the construction was not proceeded with till after termination of the suit, and defendant had asserted it had established the validity of the contract, and had demanded that plaintiff fulfill the contract, and thereafter defendant instituted proceedings to condemn property for the bridge, which were contested on the ground that the contract was invalid, and plaintiff, at defendant's request, assisted in the proceedings, and judgment was rendered therein sustaining the proceedings, the validity of the contract, and defendant's right to proceed with the execution thereof.

Haywood & Burnett and Brewer & Strawn, for plaintiff.
Reeves & Boyes, for defendant.

KOHLSAAT, District Judge. The declaration in this case consists of the common counts and of special counts in assumpsit upon a contract between the parties, in pursuance of which plaintiff built for defendant a bridge. Defendant filed the general issue and eight special pleas. The second, third, fourth, fifth, and sixth pleas aver that the contract in question is void under the Illinois statutes of

[1] Following state practice, see notes to O'Connell v. Reed, 5 C. C. A. 594; Nederland Life Ins. Co. v. Hall, 27 C. C. A. 392.

1891 and 1893 relating to trusts, pools, and combines. The seventh plea avers that plaintiff and certain aldermen of defendant formed a conspiracy to prevent competitive bidding at the time plaintiff secured the contract in question, and that therefore such contract is void. The eighth plea avers that the contract is void for the reason that the bidding at the time said contract was let was upon different plans. And the ninth plea avers that the contract is void because of bribery committed by plaintiff in securing the same. To these last eight special pleas, special demurrers were filed; the chief contention being as to pleas numbered 2, 3, 4, 5, and 6, which set up the anti-trust statutes of Illinois, which statutes, plaintiff insisted by its demurrers, were unconstitutional, as embracing class legislation. The argument on the special demurrers was had before another nisi prius judge, the question of the constitutionality of said anti-trust statutes being practically the only one raised. The demurrers were overruled on May 27, 1899, and the plaintiff given leave to reply double to the several pleas. Thereupon plaintiff filed numerous replications. Issue was joined on all of these, except the first, second, fifth, eighth, eleventh, and sixteenth. The first replication goes to all the pleas, and avers, in substance, that defendant is estopped to deny the validity of the contract sued on, for the reason that after defendant, by its common council, had passed an ordinance making an appropriation for the erection of the bridge in question, two separate suits were commenced by taxpayers and citizens of defendant, seeking to enjoin the defendant from constructing said bridge; that after full hearing upon the merits the said suits were dismissed for want of equity; that pending said suits the agreement set forth in the declaration was entered into between plaintiff and defendant, at which time defendant informed plaintiff of the pendency of said suits, and requested plaintiff to appear by counsel therein, and to assist defendant in the defense of the same, with which request plaintiff complied; that it was not until after the termination of said suits as aforesaid, and upon the assertion of defendant that said suits had firmly established the validity of the agreement between plaintiff and defendant, and upon the demand of defendant that plaintiff should proceed to fulfill and comply with said agreement and construct said bridge, and not before, that plaintiff proceeded with the construction of said bridge. Said first replication further avers that subsequently the defendant, by its common council, passed an ordinance directing its attorney to commence legal proceedings for the purpose of condemning private property which would be taken or damaged in and about the construction of the bridge in question and the approaches thereto; that said proceedings were contested by the persons interested in said property sought to be condemned, and also by persons opposing the erection of said bridge, in which proceedings it was claimed by said contestants that the contract between plaintiff and defendant herein sued on was invalid; that defendant informed plaintiff of said proceedings and said contest, and requested plaintiff to assist defendant in the prosecution of said litigation, with which request plaintiff complied; that thereafter such proceedings were had in said suit that by the judgment of the supreme court

of the state, on appeal, the said condemnation proceedings were sustained, and the validity of the contract in suit herein, and the right of defendant to proceed with the execution thereof, confirmed and established, by reason whereof plaintiff insists that defendant is estopped to deny the validity of the contract in suit.

The second, fifth, eighth, eleventh, and fifteenth replications go to the second, third, fourth, fifth, and sixth pleas, respectively, and, in substance, aver that plaintiff, in its business, is within the exception to the anti-trust statute of 1891 which is provided by the act of 1897. Defendant demurs to these replications on the ground that the act of 1897 is but an amendment of the first section of the act of 1891; that said amendment constitutes class legislation, and is therefore void; and that a void amendment cannot in any manner affect a valid statute. Plaintiff, on the other hand, denies that the act of 1897 is an amendment of the act of 1891, but contends that it is in law a repeal and re-enactment of said section 1, in which view it would vitiate the entire act of 1891. Both parties are in accord in the contention that the exception provided by the statute of 1897 constitutes class legislation.

The defendant is, in this suit, attempting to avail itself in a collateral proceeding of a defense based on a fact which should be determined in a direct proceeding. In other words, before a defendant can evade the payment of the purchase price of commodities, actually received, on the ground that the seller is a trust or combination in restraint of trade, in contravention of the statute, there should be an adjudication of a competent tribunal, in a direct proceeding instituted for that purpose, determining that such seller is a trust or combination in the sense contemplated by the statute. This is in accord with the ordinary rules of statutory construction. The practical working of any other rule could not fail to emphasize the justice and necessity of so holding in cases similar to the one at bar. It cannot be insisted that the decision in one case would be binding or even persuasive in any other case. Each suit to recover purchase money, in which the statute is pleaded by way of defense, would call for a separate and distinct determination of the legal status of the plaintiff, thereby making the claim for purchase money merely an incidental issue. This would be true even if the amount involved were but five dollars, and the case were before a justice of the peace. The result would depend upon the varying conditions of each case as affected by the skill of lawyers, the bias of jurors, and other attendant circumstances. This would inevitably lead to such confusion as would force federal courts to so construe the statutes as to protect the due and regular administration of justice from unconscionable prolixity and irreconcilable adjudications. In the case of Ford v. Association, 155 Ill. 166, 39 N. E. 651, 27 L. R. A. 298, the supreme court of Illinois permitted the defendant to interpose this defense in a collateral proceeding. The point last above stated does not appear to have been considered by that court. The only contention was as to whether or not the statute of 1891 constituted a valid defense to that action. But the Illinois statute is silent as to the method to be pursued in determining whether a corporation seeking to enforce a claim comes

within the prohibition of the act, nor has there been any long-established usage in the premises. Section 914 of the Revised Statutes, as construed by the federal courts, does not apply to the facts of this case. Federal courts place such construction upon matters of law of a general nature, as opposed to those based upon state statutes or long-established custom or usage, as to them may, under the particular circumstances of any given case, seem best calculated to accomplish the ends of justice. The question here is simply one affecting the manner of applying a remedy or rule of law, and does not go to the subject-matter or availability of the right sought to be enforced. This view of the availability of the defense set up in said last-mentioned pleas was not presented to the court on the argument of the demurrer to said pleas. The entire argument was in relation to the constitutionality of the statutes relied on, it being practically conceded that if the statutes were valid the defense could be made in the manner herein sought. The ordinary rule of pleading is that a demurrer will be carried back to the first fault, but there is a common exception, to the effect that, where a demurrer has once been passed upon, a demurrer to a subsequent pleading will not be carried back so as to interfere with the previous ruling of the court. I recognize the fact that a motive of courtesy would cause this latter rule to be more strictly adhered to where the prior ruling was made by another judge of co-ordinate jurisdiction. However, I deem it but reasonable that the interests of litigants should be considered in questions of this kind, and that where practically the decision of each subsequent step in the litigation would be dependent upon a fundamental proposition, in regard to which the court is convinced that the prior ruling was erroneous, a question of comity or courtesy between different members of the bench should not outweigh obvious considerations of convenience and dispatch of the public business. In view of this conception of the scope of both the statutes of 1891 and 1893, it becomes unnecessary in the case at bar to pass upon the constitutionality of either. For the reasons above given, the order of May 27, 1899, overruling the demurrers to the second, third, fourth, fifth, and sixth pleas, will be vacated, and the demurrers to the second, fifth, eighth, eleventh, and fifteenth replications will be carried back and sustained to said pleas, upon the ground that said statutes cannot be availed of in a collateral proceeding until a determination has been had in a direct proceeding establishing the fact that plaintiff is a trust or combination in contravention of the statute. This leaves for disposition the demurrer to the first replication, as applied to the seventh, eighth, and ninth pleas. As to this replication, I am of the opinion that it sets up matter which, if proved as fully as averred, will constitute estoppel in pais, as against the matters of defense set up in the said last-mentioned pleas. For this reason the demurrer to the first replication will be overruled.